UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK WILLIAM DURHAM,

    Plaintiff,

v.                                      CASE NO. 3:12-cv-24-J-34JBT

DEPARTMENT OF AGRICULTURE
AND CONSUMER SERVICES, etc.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* ("the Application") (Doc. 2). For the reasons set forth herein, it is respectfully **RECOMMENDED** that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

In summary, the Complaint in this case fails to meet the minimum pleading requirements even for *pro se* litigants. The Complaint fails to allege any basis for federal jurisdiction or any legal basis for the relief Plaintiff requests in the Complaint. Moreover, the Court entered an order in which it gave Plaintiff an opportunity to correct these deficiencies, but he neither corrected the pleading deficiencies nor

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

otherwise responded to the subject order.[2] Accordingly, this case is due to be dismissed without prejudice for failure to state a claim on which relief may be granted, for lack of jurisdiction, and for want of prosecution.[3]

I. **The Complaint**

On January 9, 2012, Plaintiff filed the one-page Complaint. (Doc. 1.) It reads as follows: "I Feel that the Defendant(s) Denied My 'D' (unarmed Guard) and 'G' (Armed Guard) licenses, unjustly. I Request the Court to Determend [sic] if this To Be [sic] the Case." (*Id.*) Plaintiff attached to the Complaint four pages of documents, which appear to be copies of a portion of the record from an administrative proceeding in which Defendant denied Plaintiff's application for a Class "D" Security Officer license. (Doc. 1-1.)

II. **Analysis**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Application sufficiently demonstrates

---

[2] In that prior order, the Court also informed Plaintiff that the information provided in his Affidavit of Indigency is insufficient to allow the Court to determine whether he meets the financial criteria to proceed *in forma pauperis*. (Doc. 4.) However, the Court is not basing its recommendation on this ground.

[3] Because the Court's recommendation is based, in part, on lack of federal jurisdiction and want of prosecution, and so that Plaintiff may pursue any remedy he may be entitled to in an appropriate forum, it is recommended that the dismissal be without prejudice.

that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

The Complaint does not allege any basis for federal jurisdiction or any legal basis for the relief Plaintiff requests, i.e., for the Court to review and declare "unjust" Defendant's denial of Plaintiff's applications for the subject licenses. (*See* Doc. 1.) Given these circumstances, the Complaint fails to meet the minimum pleading requirements even for *pro se* litigants. *See generally* FED. R. CIV. P. 8; *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998) (per curiam). Therefore, the undersigned recommends that the case be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Given that the Complaint fails to allege any basis for federal jurisdiction, the Court also recommends dismissal for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

Finally, the Court gave Plaintiff an opportunity to remedy the deficiencies

contained in the Complaint on or before January 30, 2012 (Doc. 4), but to date, Plaintiff has not done so or otherwise responded to the Court's Order of January 10, 2012. Therefore, the Court also recommends that this case be dismissed for want of prosecution. *See* M.D. Fla. R. 3.10(a).

Upon consideration of the foregoing, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on February 9, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff

4